**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**
**WESTERN DIVISION**

| | |
|---|---|
| **MARIA DIAZ,** | **Civil Case Number:** |
|               **Plaintiff,** | **3:22-cv-30160-MGM** |
| | |
|      **-v-** | |
| | **CIVIL ACTION** |
| **EXPERIAN INFORMATION** | |
| **SOLUTIONS, INC., EQUIFAX** | **AMENDED COMPLAINT** |
| **INFORMATION SERVICES, LLC,** | **AND** |
| **TRANSUNION, LLC, CITIBANK, N.A.,** | **DEMAND FOR JURY TRIAL** |
| **BARCLAYS BANK DELAWARE** | |
| **and BANK OF AMERICA, N.A.,** | |
| | |
|          **Defendants.** | |

## INTRODUCTION

1.     Identity theft has long been a widespread problem in this country.  Over the past decades, identity theft has emerged as one of the fastest growing white-collar crimes in the United States.[1] Millions of Americans annually fall victim to this crime and are required to spend countless hours and untold effort in attempting to undo the resulting harm caused to their credit reports.[2]

2.     Plaintiff, Maria Diaz, has been the unfortunate victim of identity theft.  Specifically, upon information and belief, at least one identified individual opened accounts with Citibank, Barclays and Bank of America using Plaintiff's Social Security number, without her knowledge or authorization.  These accounts have destroyed Ms. Diaz's credit with each of them reporting

---

[1] *See, Sloane v. Equifax Info. Servs., LLC*, 510 F.3d 495, 505 (4th Cir. 2007).
[2] Victimization surveys conducted by Synovate for the Federal Trade Commission estimate that, between 1998 and 2003, approximately 27.3 million adults discovered they were the victims of identity theft, with 9.91 million adults discovering they were victims in 2003 alone.  *See,* Graeme R. Newman & Megan M. NcNally, *Identity Theft Literature Review* 14 (2005), http://www.ncjrs.gov/pdffiles1/nij/grants/210459.pdf (citing Synovate, Federal Trade Commission—Identity Theft Survey Report 7, 12 (2003), http:// www.ftc.gov/os/2003/09/synovatereport.pdf).

-1-

these accounts negatively.

3.      Rather than working with Ms. Diaz to rectify this unfortunate situation, each of the Defendants refuse to remove these fraudulent accounts from her credit report, despite the Plaintiff specifically disputing these fraudulent items.   Instead, the Defendants have continued to willfully and negligently harm the Plaintiff's credit report by continuing to associate these fraudulent accounts with the Plaintiff, thereby severely impacting Plaintiff's life and her ability to obtain credit.

4.      Plaintiff thus brings this action under the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* (the "FCRA") alleging Equifax Information Services, LLC, Experian Information Solutions, Inc., Transunion, LLC, Barclays Bank Delaware, Citibank, N.A. and Bank of America, N.A. have been negligently, recklessly and knowingly disseminating false information regarding the Plaintiff's credit, namely by continuing to associate Plaintiff with these fraudulent accounts, particularly after the Plaintiff mailed letters to Defendants specifically advising them of this issue and submitting the necessary supporting documentation.

5.      Plaintiff also alleges that Citibank knowingly, intentionally and repeatedly procured her Equifax consumer credit report despite having no permissible purpose for accessing such reports.

6.      Plaintiff further alleges that the consumer reporting agencies Equifax, Transunion and Experian failed to investigate credit report inaccuracies in response to Plaintiff's disputes.

7.      Plaintiff seeks statutory, actual, and punitive damages, along with injunctive and declaratory relief, and attorneys' fees and costs.

**JURISDICTION**

8.      The Court has jurisdiction of this matter under 28 U.S.C. § 1331 and 15 U.S.C. §

1681p.

9.      Venue is proper in this judicial District pursuant to 28 U.S.C. 1391(b)(2).

## PARTIES

10.      Plaintiff, Maria Diaz ("Plaintiff"), is a resident of Springfield, Massachusetts and is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

11.      Defendant Equifax Information Services, LLC ("Equifax") is one of the largest credit reporting agencies in the United States and is engaged in the business of assembling and disseminating credit reports concerning hundreds of millions of consumers.  Equifax is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f) of the FCRA, and is regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681a(d)(1) of the FCRA, to third parties.

12.      Equifax's principal place of business is 1550 Peach Tree Street, N.W., Atlanta, GA 30309.

13.      Defendant Experian Information Solutions, Inc. ("Experian") is one of the largest credit reporting agencies in the United States and is engaged in the business of assembling and disseminating credit reports concerning hundreds of millions of consumers.  Experian is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f) of the FCRA, and is regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681a(d)(1) of the FCRA, to third parties.

14.      Experian is a corporation with its headquarters located in Costa Mesa, California.

15.      Defendant TransUnion, LLC ("TransUnion") is one of the largest credit reporting

agencies in the United States, and is engaged in the business of assembling and disseminating credit reports concerning hundreds of millions of consumers. TransUnion is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f) of the FCRA, and is regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681a(d)(1) of the FCRA, to third parties.

16.     TransUnion is a limited liability company with its principal place of business at 555 W. Adams Street, Chicago, IL 60661

17.     Defendant Barclays Bank Delaware ("Barclays") is a financial institution headquartered in Delaware with its registered agent, Corporation Service Company, located at 251 Little Falls Drive, Wilmington, Delaware 19808.

18.     Defendant Citibank, N.A. ("Citibank") is a national bank with its headquarters located in New York, New York.

19.     Defendant Bank of America, N.A. ("BOA") is a nationally chartered banking association with its headquarters located in Charlotte, North Carolina.

## FACTUAL ALLEGATIONS

20.     Sometime prior to February of 2021, Plaintiff discovered she was the victim of identity theft. Around that same time, Plaintiff noticed that a number of accounts were appearing on her credit reports, which were opened without her knowledge or authorization to do so. These accounts include:

- BANK OF AMERICA Account # beginning with 552433;

- CITI CARDS/CITIBANK Account # beginning with 518941;

- CITI CARDS/CITIBANK Account # beginning with 542418; and

- THE HOME DEPOT/CITIBANK Account # beginning with 603532.

21.     Plaintiff took appropriate action, including filing a police report with the Springfield Massachusetts Police Department and completing a sworn FTC Identity Theft Affidavit, in which she listed these accounts as they were appearing on her credit reports despite the fact that they were not hers and she had never opened them.

22.     Accordingly, Plaintiff disputed these fraudulent accounts with Transunion, Equifax and Experian on multiple occasions, asserting that the accounts were not hers and advising that progressively more and more, Citibank was impermissibly pulling her Equifax consumer report in connection to these fraudulent accounts, resulting in multiple hard inquiries that damage her credit score.

23.     Additionally, Plaintiff filed complaints with the Consumer Financial Protection Bureau. In response her complaint about the HOME DEPOT/CITIBANK account, Plaintiff received a letter on March 9, 2022, from Citibank confirming that their investigation determined that the account was established fraudulently using her Social Security number under the name Francesca Smith. She was advised that she is not financially responsible for the account and that a request to remove the tradeline was sent to the three major credit bureaus. Despite this, the fraudulent accounts remained on Plaintiff's reports.

24.     Plaintiff sent disputes to Equifax and Experian on or about July 26, 2022. In those disputes, Plaintiff clearly advised Equifax and Experian that she was the victim of identity theft, and that this information should be removed and blocked.

25.     Plaintiff also sent dispute to Transunion on multiple occasions, including on or about November 29, 2022.

26.     With those disputes, Plaintiff included copies of the sworn FTC Identity Theft Affidavit.

-5-

27.     Following receipt of Plaintiff's dispute, Experian refused to investigate, correct or remove the fraudulent Citibank and BOA accounts from the Plaintiff's credit file.  Instead, that information is still being reported to this day.

28.     Upon information and belief, Experian had all the information they needed to locate, investigate, and correct this inaccurate information, but just failed to do so.

29.     Similarly, Equifax refused to investigate, correct or remove the fraudulent BOA accounts from the Plaintiff's credit file after receipt of the Plaintiff's dispute.  Instead, that information is still being reported to this day.

30.     Defendant Transunion similarly refused to investigate, correct or remove the fraudulent BOA, Barclays and Citicard accounts from the Plaintiff's credit file, after receipt of the Plaintiff's dispute.  Instead, that information is still being reported to this day.

31.     Experian, Equifax, Transunion, Citibank and BOA were each notified of the respective disputes, but refused to investigate and/or remove inaccurate reporting.

32.     At all times pertinent hereto, Defendants' violations of the FCRA were willful, and carried out in reckless disregard for consumer's rights as set forth under section 1681s, 1681i and 1681b of the FCRA. Accordingly, Plaintiff is entitled to statutory, actual, and punitive damages under 15 U.S.C. § 1681n.

33.     Additionally, Defendants' violations of the FCRA were negligent. Accordingly, Plaintiff is entitled to statutory and actual damages under 15 U.S.C. § 1681o.

34.     In any event, Defendants are liable for Plaintiff's reasonable attorneys' fees and costs, pursuant to 15 U.S.C. §§ 1681n and 1681o.

35.     As a direct and proximate result of the Defendants' willful and/or negligent refusal to conduct a reasonable investigation as mandated by the FCRA, Plaintiff has been harmed in her

daily life, by the impact that this derogatory information has had on her credit score and her ability to secure credit.  For example, Plaintiff has been denied credit due to these derogatory inaccuracies.

36.    Defendants' violations of the FCRA further caused the Plaintiff great distress, anger, annoyance and frustration in his daily life, and subjected the Plaintiff to abusive credit reporting practices from which Plaintiff had a substantive right to be free

<u>**COUNT I**</u>
**VIOLATIONS OF THE FAIR CREDIT REPORTING ACT**
**15  U.S.C. § 1681i**
**AGAINST EQUIFAX**

37.    All preceding paragraphs are realleged.

38.    At all times pertinent hereto, Equifax was a "consumer reporting agency" ("CRA") as that term is defined by 15 U.S.C. § 1681a(c).

39.    The FCRA provides that:

> "*if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer* and the consumer notifies the agency directly, or indirectly through a reseller, of such dispute, *the agency shall, free of charge, conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file* in accordance with paragraph (5), before the end of the 30-day period beginning on the date on which the agency receives the notice of the dispute from the consumer or reseller."
> 15 U.S.C. § 1681i(a)(1)(a) (emphasis added).

40.    On numerous occasions, including on or about July 26 of 2022, the Plaintiff initiated a dispute with Equifax requesting that they correct and remove the specific fraudulent items in her credit file that were patently inaccurate and damaging to her, including the fraudulent BOA account. Plaintiff provided information and documentation showing that she was the victim of identity theft and had not opened this account.

41.    However, Defendant Equifax never adequately investigated the Plaintiff's disputes,

as required by the FCRA.

42.     Instead, Equifax, after either conducting no investigation or failing to conduct a reasonable investigation, continued to report this inaccurate information, something that any basic investigation would have prevented.

43.     As a direct and proximate result of Equifax's willful and/or negligent refusal to conduct a reasonable investigation as mandated by the FCRA, Plaintiff has been harmed, as explained above.

**COUNT II**
**VIOLATIONS OF THE FAIR CREDIT REPORTING ACT**
**15 U.S.C. § 1681i**
**AGAINST EXPERIAN**

44.     All preceding paragraphs are realleged.

45.     At all times pertinent hereto, Experian was a "consumer reporting agency" ("CRA") as that term is defined by 15 U.S.C. § 1681a(c).

46.     The FCRA provides that:

> "***if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer*** and the consumer notifies the agency directly, or indirectly through a reseller, of such dispute, ***the agency shall, free of charge, conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file*** in accordance with paragraph (5), before the end of the 30-day period beginning on the date on which the agency receives the notice of the dispute from the consumer or reseller."
> 15 U.S.C. § 1681i(a)(1)(a) (emphasis added).

47.     On numerous occasions, including on or about July 26, 2022, the Plaintiff initiated a dispute with Experian requesting that they correct and remove the specific fraudulent items in her credit file that were patently inaccurate and damaging to her, including the fraudulent Citibank and BOA accounts. Plaintiff provided information and documentation showing that she was the

victim of identity theft and had not opened these accounts.

48.     However, Experian never adequately investigated the Plaintiff's disputes, as required by the FCRA.

49.     Instead, Experian, after either conducting no investigation or failing to conduct a reasonable investigation, continued to report this inaccurate information, something that any basic investigation would have prevented.

50.     As a direct and proximate result of Experian's willful and/or negligent refusal to conduct a reasonable investigation as mandated by the FCRA, Plaintiff has been harmed, as explained above.

<u>COUNT III</u>

**FAILURE TO INVESTIGATE DISPUTE
FCRA, 15 U.S.C. § 1681s-2(b)
AGAINST CITIBANK**

51.      All preceding paragraphs are re-alleged.

52.     Furnishers of credit information have a duty under the FCRA to investigate disputes from consumers as to the accuracy of information being reported.

53.     On numerous occasions, including in July of 2022, Plaintiff initiated disputes with the credit bureaus disputing the accuracy of the accounts being reported by Citibank.

54.     Upon information and belief, Citibank received notice of these disputes from the credit bureaus.

55.     Citibank was obligated, pursuant to section 1681s-2(b) of the FCRA to conduct a complete and thorough investigation with respect to Plaintiff's dispute.

56.     Even after the Plaintiff properly disputed these accounts with the credit reporting agencies, Citibank refused to conduct a reasonable investigation and continued inaccurately reporting the multiple fraudulent accounts on Plaintiff's credit reports.

57.    Citibank's conduct violated section 1681s-2(b) of the FCRA.

58.    As a result of Citibank's conduct, Plaintiff was harmed, as discussed above.

**COUNT IV**

**IMPERMISSIBLE PULLS**
**FCRA, 15 U.S.C. § 1681b(a)**
**AGAINST CITIBANK**

59.    All preceding paragraphs are re-alleged.

60.    Citibank is a "person" as defined by section 1681a(b) of the FCRA.

61.    Plaintiff is a "consumer" as defined by section 1681a(c) of the FCRA.

62.    The above-mentioned Equifax report is a "consumer report" as defined by sections

1681a(d) of the FCRA.

63.    Section 1681b(f) of the FCRA provides as follows:

A person shall not use or obtain a consumer report for any purpose unless—

> (1) the consumer report is obtained for a purpose for which the consumer report is authorized to be furnished under this section; and

> (2) the purpose is certified in accordance with section with section 1681eof this title by a prospective user of the report through a general or specific certification.

64.    Section 1681b(a)(3) of the FCRA provides a list of permissible purposes:

> (a) In general. Subject to subsection (c) of this section, any consumer reporting agency may furnish a consumer report under the following circumstances and no other:
>  …

> (3) To a person which it has reason to believe—

>> (A) Intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, or review or collection of an account of, the consumer;
>> …
>> (F) otherwise has a legitimate business need for the information—
>>> (i) in connection with a business transaction that is initiated by the

-10-

consumer; or

(ii) to review an account to determine whether the consumer continues to meet the terms of the account.

65.　As detailed above, the Citibank accounts associated with Plaintiff were fraudulently opened due to her being the victim of identity theft.

66.　Therefore, Defendant obtained Plaintiff's Equifax report on numerous occasions, including as recently as October 4, 2022, without any permissible purpose for obtaining that credit report, as she did not initiate any business transaction, and was not obtained in connection with any account or relationship that the Plaintiff had with Citibank.

67.　Pursuant to section 1681n and 1681o of the FCRA, Defendant is liable for willfully and negligently violating section 1681b(f) by obtaining a consumer report without a permissible purpose.

68.　As a result of Citibank's conduct, Plaintiff was harmed, as discussed above.

## COUNT V

### FAILURE TO INVESTIGATE DISPUTE
### FCRA, 15 USC § 1681s-2(b)
### AGAINST BOA

69.　All preceding paragraphs are re-alleged.

70.　Furnishers of credit information have a duty under the FCRA to investigate disputes from consumers as to the accuracy of information being reported.

71.　On numerous occasions, including in July of 2022, Plaintiff initiated disputes with the credit bureaus disputing the accuracy of the account being reported by BOA.

72.　Upon information and belief, BOA received notice of these disputes from the credit bureaus.

73.　BOA was obligated, pursuant to section 1681s-2(b) of the FCRA to conduct a complete and thorough investigation with respect to Plaintiff's dispute.

74.     Even after the Plaintiff properly disputed this account with the credit reporting agencies, BOA refused to conduct a reasonable investigation and continued inaccurately reporting the fraudulent account on Plaintiff's credit report.

75.     BOA's conduct violated section 1681s-2(b) of the FCRA.

76.     As a result of BOA's conduct, Plaintiff was harmed, as discussed above.


<u>COUNT VI</u>
**VIOLATIONS OF THE FAIR CREDIT REPORTING ACT**
**15 U.S.C. § 1681c-2**
**AGAINST EQUIFAX**

77. All preceding paragraphs are realleged.

78. On numerous occasions, including on or about July 26, 2022, Plaintiff initiated disputes with Equifax requesting that they correct and remove the BOA account, as this account was fraudulently opened by an individual other than the Plaintiff.

79. In support of at least some of these disputes, including the July 26, 2022 dispute, Plaintiff included copies of the sworn FTC Identity Theft Affidavit, along with her Social Security Number and date of birth.

80. Equifax refused to acknowledge that it had different obligations under such circumstances than those triggered by a standard dispute.

81. As such, instead of following the law and blocking the fraudulent information on the Plaintiff's credit report within four days of receiving the dispute, Equifax continued to report this fraudulent information.

82. As a direct and proximate result of Equifax's willful and/or negligent refusal to block this fraudulent information, as mandated by the FCRA, Plaintiff has been harmed.

**COUNT VII**
**VIOLATIONS OF THE FAIR CREDIT REPORTING ACT**
**15 U.S.C. § 1681c-2**
**AGAINST EXPERIAN**

83. All preceding paragraphs are realleged.

84. On numerous occasions, including on or about July 26, 2022, Plaintiff initiated disputes with Experian requesting that they correct and remove the BOA and Citibank accounts, as these account were fraudulently opened by an individual other than the Plaintiff.

85. In support of at least some of these disputes, including the July 26, 2022 dispute, the Plaintiff included copies of the sworn FTC Identity Theft Affidavit, along with her Social Security Number and date of birth.

86. Experian refused to acknowledge that it had different obligations under such circumstances than those triggered by a standard dispute.

87. As such, instead of following the law and blocking the fraudulent information on the Plaintiff's credit report within four days of receiving the dispute, Experian continued to report this fraudulent information.

88. As a direct and proximate result of Experian's willful and/or negligent refusal to block this fraudulent information, as mandated by the FCRA, Plaintiff has been harmed.

**COUNT VIII**
**VIOLATIONS OF THE FAIR CREDIT REPORTING ACT**
**15 U.S.C. § 1681c-2**
**AGAINST TRANSUNION**

89. All preceding paragraphs are realleged.

90. On numerous occasions, including on or about July 26, 2022, Plaintiff initiated disputes with Transunion requesting that they correct and remove the BOA, Barclays and Citibank

accounts, as these accounts were fraudulently opened by an individual other than the Plaintiff.

91. In support of at least some of these disputes, the Plaintiff included copies of the sworn FTC Identity Theft Affidavit, along with her Social Security Number and date of birth.

92. Transunion refused to acknowledge that it had different obligations under such circumstances than those triggered by a standard dispute.

93. As such, instead of following the law and blocking the fraudulent information on the Plaintiff's credit report within four days of receiving the dispute,  Transunion continued to report this fraudulent information.

94. As a direct and proximate result of Transunion's willful and/or negligent refusal to block this fraudulent information, as mandated by the FCRA, Plaintiff has been harmed.

**COUNT IX**
**VIOLATIONS OF THE FAIR CREDIT REPORTING ACT**
**15 U.S.C. § 1681i**
**AGAINST TRANSUNION**

95. All preceding paragraphs are realleged.

96. At all times pertinent hereto, Transunion was a "consumer reporting agency" ("CRA") as that term is defined by 15 U.S.C. § 1681a(c).

97. The FCRA provides that:

> "*if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer* and the consumer notifies the agency directly, or indirectly through a reseller, of such dispute, *the agency shall, free of charge, conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file* in accordance with paragraph (5), before the end of the 30-day period beginning on the date on which the agency receives the notice of the dispute from the consumer or reseller."
> 15 U.S.C. § 1681i(a)(1)(a) (emphasis added).

98. On numerous occasions, including on or about July 26, 2022, the Plaintiff initiated a dispute with Transunion requesting that they correct and remove the specific fraudulent items in her credit file that were patently inaccurate and damaging to her, including the fraudulent Citibank, Barclays and BOA accounts. Plaintiff provided information and documentation showing that she was the victim of identity theft and had not opened these accounts.

99. However, Transunion never adequately investigated the Plaintiff's disputes, as required by the FCRA.

100.   Instead, Transunion, after either conducting no investigation or failing to conduct a reasonable investigation, continued to report this inaccurate information, something that any basic investigation would have prevented.

101.   As a direct and proximate result of Transunion's willful and/or negligent refusal to conduct a reasonable investigation as mandated by the FCRA, Plaintiff has been harmed, as explained above.


## DEMAND FOR TRIAL BY JURY

102.   Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff demand judgment against Defendants as follows:

A. Awarding Plaintiff actual damages, statutory damages and punitive damages pursuant to pursuant to 15 U.S.C. §§ 1681n and/or 1681o, including pre-judgment and post-judgment interest;

B.  Awarding Plaintiff the costs of this action and reasonable attorneys' fees and expenses pursuant to 15 U.S.C. §§ 1681n and/or 1681o;

C.  A declaration that Defendants' conduct alleged herein is unlawful, as set forth more fully above;

D.  Equitable relief, enjoining Defendants from engaging in the unjust and unlawful conduct alleged herein; and

E.  Awarding Plaintiff such other and further relief as this Court may deem just and proper.


Dated: March 30, 2023


/s/ Yitzchak Zelman
MARCUS & ZELMAN, LLC
701 Cookman Avenue, Suite 300
Asbury Park, New Jersey 07712
(732) 695-3282 telephone
(732) 298-6256 facsimile
*Admitted Pro Hac Vice*

*Attorneys for Plaintiff*
*Maria Diaz*