**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| MARIA DIAZ,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>EQUIFAX INFORMATION SERVICES, LLC,<br>EXPERIAN INFORMATION SOLUTIONS, INC.,<br>CITIBANK, N.A., TRANSUNION, LLC,<br>BARCLAYS BANK DELAWARE, and BANK OF<br>AMERICA, N.A.,<br><br>　　　　　Defendants. | Case No. 3:22-cv-30160 |

**DEFENDANT BANK OF AMERICA, N.A.'S
ANSWER AND AFFIRMATIVE DEFENSES TO
PLAINTIFF'S AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL**

Defendant Bank of America, N.A. ("BANA"), answers and responds to Plaintiff Maria Diaz's Amended Complaint and Demand for Jury Trial ("Complaint") as follows:

**INTRODUCTION**

1.　　　The allegations in Paragraph 1 appear to be Plaintiff's general opinion on identity theft, to which no response is required.　To the extent that Plaintiff contends that a response is required, BANA is without sufficient knowledge or information to admit or deny those allegations and, therefore, denies the allegations in Paragraph 1.　To the extent the allegations in Paragraph 1 reference certain case law or articles, that case law and literature speaks for itself.　BANA denies any allegations in Paragraph 1 to the extent inconsistent with this case law and literature.

2.　　　To the extent the allegations in Paragraph 2 concern a certain "credit report," that document speaks for itself.　To the extent the allegations in Paragraph 2 are inconsistent with those documents, BANA denies those allegations.　To the extent the remaining allegations in Paragraph

2 are directed at BANA, BANA denies the allegations.  To the extent the remaining allegations in Paragraph 2 are directed at another party to this matter, no response is required from BANA.  To the extent Plaintiff contends a response is required from BANA, BANA is without sufficient knowledge or information to admit or deny those allegations and, therefore, denies those allegations in Paragraph 2.

3.      To the extent the allegations in Paragraph 3 concern a certain "credit report," that document speaks for itself.  To the extent the allegations in Paragraph 3 are inconsistent with those documents, BANA denies those allegations. To the extent the remaining allegations in Paragraph 3 are directed at BANA, BANA denies the allegations.  To the extent the remaining allegations in Paragraph 3 are directed at another party to this matter, no response is required from BANA.  To the extent that Plaintiff contends that a response is required, BANA is without information sufficient to admit or deny those allegations in Paragraph 3 of the Complaint and, therefore, denies the allegations.

4.      In response to Paragraph 4 of the Complaint, BANA admits that Plaintiff purports to bring a cause of action under the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA"). To the extent the remaining allegations in Paragraph 4 are directed at BANA, BANA denies the allegations and specifically denies that it violated the FCRA and denies that Plaintiff is entitled to any of the relief sought in the Complaint.  To the extent the remaining allegations in Paragraph 4 are directed at another party to this matter, no response is required from BANA.  To the extent that Plaintiff contends that a response is required, BANA is without information sufficient to admit or deny those allegations in Paragraph 4 and, therefore, denies the allegations.

5.      The allegations set forth in Paragraph 5 are not directed at BANA, thus, no response is required.  To the extent that Plaintiff contends that a response is required, BANA is without

information sufficient to admit or deny the allegations in Paragraph 5 and, therefore, denies the allegations.

6.      The allegations set forth in Paragraph 6 are not directed at BANA, thus, no response is required.  To the extent that Plaintiff contends that a response is required, BANA is without information sufficient to admit or deny the allegations in Paragraph 6 and, therefore, denies the allegations.

7.      In response to Paragraph 7 of the Complaint, BANA admits that Plaintiff purports to seek "statutory, actual, and punitive damages, along with injunctive and declaratory relief, and attorney's fees and costs."  Further, BANA denies that it violated the FCRA and denies that Plaintiff is entitled to any of the relief sought in the Complaint.

## **JURISDICTION**

8.      In response to Paragraph 8 of the Complaint, those allegations contain conclusions of law to which no response is required.  To the extent a response may be required, BANA denies the allegations contained in Paragraph 8 of the Complaint.  By way of further response, BANA is not contesting jurisdiction.

9.      In response to Paragraph 9 of the Complaint, those allegations contain conclusions of law to which no response is required.  To the extent a response may be required, BANA denies the allegations contained in Paragraph 9 of the Complaint.  By way of further response, BANA is not contesting venue.

## **PARTIES**

10.      BANA is without information sufficient to admit or deny whether Plaintiff "is a resident of Springfield, Massachusetts" and, therefore, denies the allegations. The remaining allegations in Paragraph 10 contain conclusions of law to which no response is required.  To the

extent a response may be required, BANA denies the remaining allegations contained in Paragraph 10.

11.     BANA admits that Equifax is a consumer reporting agency as defined by the FCRA.  The remaining allegations set forth in Paragraph 11 are directed at another party to this matter and, thus, no response is required from BANA.  To the extent that Plaintiff contends that a response is required, BANA is without information sufficient to admit or deny those allegations in Paragraph 11 and, therefore, denies the allegations.

12.     The allegations set forth in Paragraph 12 are directed at another party to this matter and, thus, no response is required from BANA.  To the extent that Plaintiff contends that a response is required, BANA is without information sufficient to admit or deny those allegations in Paragraph 12 and, therefore, denies the allegations.

13.     BANA admits that Experian is a consumer reporting agency as defined by the FCRA.  The remaining allegations set forth in Paragraph 13 are directed at another party to this matter and, thus, no response is required from BANA.  To the extent that Plaintiff contends that a response is required, BANA is without information sufficient to admit or deny those allegations in Paragraph 13 and, therefore, denies the allegations.

14.     The allegations set forth in Paragraph 14 are directed at another party to this matter and, thus, no response is required from BANA.  To the extent that Plaintiff contends that a response is required, BANA is without information sufficient to admit or deny those allegations in Paragraph 14 and, therefore, denies the allegations.

15.     BANA admits that TransUnion is a consumer reporting agency as defined by the FCRA.  The remaining allegations set forth in Paragraph 15 are directed at another party to this matter and, thus, no response is required from BANA.  To the extent that Plaintiff contends that a

response is required, BANA is without information sufficient to admit or deny those allegations in Paragraph 15 and, therefore, denies the allegations.

16.     The allegations set forth in Paragraph 16 are directed at another party to this matter and, thus, no response is required from BANA.  To the extent that Plaintiff contends that a response is required, BANA is without information sufficient to admit or deny those allegations in Paragraph 16 and, therefore, denies the allegations.

17.     The allegations set forth in Paragraph 17 are directed at another party to this matter and, thus, no response is required from BANA.  To the extent that Plaintiff contends that a response is required, BANA is without information sufficient to admit or deny those allegations in Paragraph 17 and, therefore, denies the allegations.

18.     The allegations set forth in Paragraph 18 are directed at another party to this matter and, thus, no response is required from BANA.  To the extent that Plaintiff contends that a response is required, BANA is without information sufficient to admit or deny those allegations in Paragraph 18 and, therefore, denies the allegations.

19.     BANA states that it is a national banking association with its principal place of business located at 100 North Tryon Street, Charlotte, North Carolina 28255.  All remaining allegations set forth in Paragraph 19 are denied.

## FACTUAL ALLEGATIONS

20.     To the extent the allegations in Paragraph 20 concern certain "credit reports," those documents speak for themselves.  To the extent the allegations in Paragraph 20 are inconsistent with those documents, BANA denies those allegations.  BANA is without information sufficient to admit or deny the remaining allegations in Paragraph 20 and, therefore, denies the allegations.

21.    To the extent the allegations in Paragraph 21 concern the contents of a certain "police report" and "FTC Identity Theft Affidavit," those documents speak for themselves.  To the extent the allegations in Paragraph 21 are inconsistent with those documents, BANA denies those allegations.  To the extent the remaining allegations in Paragraph 21 are directed at BANA, BANA denies the allegations.  To the extent the remaining allegations in Paragraph 21 are directed at another party to this matter, no response is required from BANA.  To the extent that Plaintiff contends that a response is required, BANA is without information sufficient to admit or deny those allegations in Paragraph 21 of the Complaint and, therefore, denies the allegations.

22.    To the extent the allegations in Paragraph 22 concern certain "disputes," those documents speak for themselves.  To the extent the allegations in Paragraph 22 are inconsistent with those documents, BANA denies those allegations.  BANA is without information sufficient to admit or deny the remaining allegations in Paragraph 22 and, therefore, denies the allegations.

23.    To the extent the allegations in Paragraph 23 concern the contents of certain "complaints" filed with the Consumer Financial Protection Bureau, "credit reports," and "letter correspondence" from Citibank, those documents speak for themselves.   To the extent the allegations in Paragraph 23 are inconsistent with those documents, BANA denies those allegations.  BANA is without information sufficient to admit or deny the remaining allegations in Paragraph 20 and, therefore, denies the allegations.

24.    To the extent the allegations in Paragraph 24 concern the contents of certain "disputes," those documents speak for themselves.  To the extent the allegations in Paragraph 24 are inconsistent with those documents, BANA denies those allegations.  BANA is without information sufficient to admit or deny the remaining allegations in Paragraph 24 and, therefore, denies the allegations.

25.     To the extent the allegations in Paragraph 25 concern the contents of a certain "dispute," those documents speak for themselves.  To the extent the allegations in Paragraph 25 are inconsistent with those documents, BANA denies those allegations.  BANA is without information sufficient to admit or deny the remaining allegations in Paragraph 25 and, therefore, denies the allegations.

26.     To the extent the allegations in Paragraph 26 concern certain "disputes" and copies of a certain "FTC Identity Theft Affidavit," those documents speak for themselves.  To the extent the allegations in Paragraph 26 are inconsistent with those documents, BANA denies those allegations.  BANA is without information sufficient to admit or deny the remaining allegations in Paragraph 26 and, therefore, denies the allegations.

27.     To the extent the allegations in Paragraph 27 concern certain "credit reports" and "disputes," those documents speak for themselves.  To the extent the allegations in Paragraph 27 are inconsistent with those documents, BANA denies those allegations.  To the extent the remaining allegations in Paragraph 27 are directed at BANA, BANA denies the allegations.  To the extent the remaining allegations in Paragraph 27 are directed at another party to this matter, no response is required from BANA.  To the extent that Plaintiff contends that a response is required, BANA is without information sufficient to admit or deny those allegations in Paragraph 27 of the Complaint and, therefore, denies the allegations.

28.     The allegations set forth in Paragraph 28 are directed at another party to this matter and, thus, no response is required from BANA.  To the extent that Plaintiff contends that a response is required, BANA is without information sufficient to admit or deny those allegations in Paragraph 28 and, therefore, denies the allegations.

29.     To the extent the allegations in Paragraph 29 concern a certain "credit file," those documents speak for themselves.  To the extent the allegations in Paragraph 29 are inconsistent with those documents, BANA denies those allegations.  The remaining allegations in Paragraph 29 are directed at another party to this matter, to which no response is required from BANA.  To the extent that Plaintiff contends that a response is required, BANA is without information sufficient to admit or deny those allegations in Paragraph 29 of the Complaint and, therefore, denies the allegations.

30.     To the extent the allegations in Paragraph 30 concern a certain "credit file," those documents speak for themselves.  To the extent the allegations in Paragraph 30 are inconsistent with those documents, BANA denies those allegations.  The remaining allegations in Paragraph 30 are directed at another party to this matter, to which no response is required from BANA.  To the extent that Plaintiff contends that a response is required, BANA is without information sufficient to admit or deny those allegations in Paragraph 30 of the Complaint and, therefore, denies the allegations.

31.     BANA states that it has received several disputes from credit reporting agencies as to the BANA credit account ending in 9249 ("Account").  To the extent the remaining allegations in Paragraph 31 are directed at BANA, BANA denies the allegations.  To the extent the remaining allegations in Paragraph 31 are directed at another party to this matter, no response is required from BANA.  To the extent that Plaintiff contends that a response is required, BANA is without information sufficient to admit or deny those allegations in Paragraph 31 of the Complaint and, therefore, denies the allegations.

32.     To the extent the allegations in Paragraph 32 are directed at BANA, BANA denies the allegations and specifically denies that it violated the FCRA.  To the extent the remaining

allegations in Paragraph 32 are directed at another party to this matter, no response is required from BANA.  To the extent that Plaintiff contends that a response is required, BANA is without information sufficient to admit or deny those allegations in Paragraph 32 of the Complaint and, therefore, denies the allegations.

33.     To the extent the allegations in Paragraph 33 are directed at BANA, BANA denies the allegations and specifically denies that it violated the FCRA and denies that Plaintiff is entitled to any of the relief sought in the Complaint.  To the extent the remaining allegations in Paragraph 33 are directed at another party to this matter, no response is required from BANA.  To the extent that Plaintiff contends that a response is required, BANA is without information sufficient to admit or deny those allegations in Paragraph 33 of the Complaint and, therefore, denies the allegations.

34.     To the extent the allegations in Paragraph 34 are directed at BANA, BANA denies the allegations and specifically denies that it violated the FCRA and denies that Plaintiff is entitled to any of the relief sought in the Complaint.  To the extent the allegations in Paragraph 34 are directed at another party to this matter, no response is required from BANA.  To the extent that Plaintiff contends that a response is required, BANA is without information sufficient to admit or deny those allegations in Paragraph 34 and, therefore, denies the allegations.

35.     To the extent the allegations in Paragraph 35 are directed at BANA, BANA denies the allegations and specifically denies that it violated the FCRA and denies that Plaintiff is entitled to any of the relief sought in the Complaint.  To the extent the allegations in Paragraph 35 are directed at another party to this matter, no response is required from BANA.  To the extent that Plaintiff contends that a response is required, BANA is without information sufficient to admit or deny those allegations in Paragraph 35 and, therefore, denies the allegations.

36.     To the extent the allegations in Paragraph 36 are directed at BANA, BANA denies the allegations and specifically denies that it violated the FCRA and denies that Plaintiff is entitled to any of the relief sought in the Complaint.  To the extent the allegations in Paragraph 36 are directed at another party to this matter, no response is required from BANA.  To the extent that Plaintiff contends that a response is required, BANA is without information sufficient to admit or deny those allegations in Paragraph 36 and, therefore, denies the allegations.

## COUNT I
### VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
### 15 U.S.C. § 1681i
### AGAINST EQUIFAX

37.     BANA incorporates by reference its responses to Paragraphs 1 through 36 as though fully set forth here.

38.     BANA admits the allegations contained in Paragraph 38.

39.     The allegations in Paragraph 39 reference and cite the FCRA, which speaks for itself.  BANA denies any allegations in Paragraph 39 to the extent inconsistent with this statute.

40.     The allegations in Paragraph 40 are directed at another party to this matter, to which no response is required from BANA.  To the extent that Plaintiff contends that a response is required, BANA is without information sufficient to admit or deny the allegations in Paragraph 40 and, therefore, denies the allegations.

41.     The allegations in Paragraph 41 are directed at another party to this matter, to which no response is required from BANA.  To the extent that Plaintiff contends that a response is required, BANA is without information sufficient to admit or deny the allegations in Paragraph 41 and, therefore, denies the allegations.

42.     The allegations in Paragraph 42 are directed at another party to this matter, to which no response is required from BANA.  To the extent that Plaintiff contends that a response is

required, BANA is without information sufficient to admit or deny the allegations in Paragraph 42 and, therefore, denies the allegations.

43.     The allegations in Paragraph 43 are directed at another party to this matter, to which no response is required from BANA.  To the extent that Plaintiff contends that a response is required, BANA is without information sufficient to admit or deny the allegations in Paragraph 43 and, therefore, denies the allegations.

**COUNT II**
**VIOLATIONS OF THE FAIR CREDIT REPORTING ACT**
**15 U.S.C. § 1681i(b)**
**AGAINST EXPERIAN**

44.     BANA incorporates by reference its responses to Paragraphs 1 through 43 as though fully set forth here.

45.     BANA admits the allegations contained in Paragraph 45.

46.     The allegations in Paragraph 46 reference and cite the FCRA, which speaks for itself.  BANA denies any allegations in Paragraph 46 to the extent inconsistent with this statute.

47.     The allegations in Paragraph 47 are directed at another party to this matter, to which no response is required from BANA.  To the extent that Plaintiff contends that a response is required, BANA is without information sufficient to admit or deny the allegations in Paragraph 47 and, therefore, denies the allegations.

48.     The allegations in Paragraph 48 are directed at another party to this matter, to which no response is required from BANA.  To the extent that Plaintiff contends that a response is required, BANA is without information sufficient to admit or deny the allegations in Paragraph 48 and, therefore, denies the allegations.

49.     The allegations in Paragraph 49 are directed at another party to this matter, to which no response is required from BANA.  To the extent that Plaintiff contends that a response is

required, BANA is without information sufficient to admit or deny the allegations in Paragraph 49 and, therefore, denies the allegations.

50.     The allegations in Paragraph 50 are directed at another party to this matter, to which no response is required from BANA.  To the extent that Plaintiff contends that a response is required, BANA is without information sufficient to admit or deny the allegations in Paragraph 50 and, therefore, denies the allegations.

**COUNT III**
**FAILURE TO INVESTIGATE DISPUTE**
**FCRA, 15 U.S.C. § 1681s-2(b)**
**AGAINST CITIBANK**

51.     BANA incorporates by reference its responses to Paragraphs 1 through 50 as though fully set forth here.

52.     The allegations in Paragraph 52 reference the FCRA, which speaks for itself. BANA denies any allegations in Paragraph 52 to the extent inconsistent with this statute.

53.     The allegations in Paragraph 53 are directed at another party to this matter, to which no response is required from BANA.  To the extent that Plaintiff contends that a response is required, BANA is without information sufficient to admit or deny the allegations in Paragraph 53 and, therefore, denies the allegations.

54.     The allegations in Paragraph 54 are directed at another party to this matter, to which no response is required from BANA.  To the extent that Plaintiff contends that a response is required, BANA is without information sufficient to admit or deny the allegations in Paragraph 54 and, therefore, denies the allegations.

55.     The allegations in Paragraph 55 are directed at another party to this matter, to which no response is required from BANA.  To the extent that Plaintiff contends that a response is

required, BANA is without information sufficient to admit or deny the allegations in Paragraph 55 and, therefore, denies the allegations.

56.    The allegations in Paragraph 56 are directed at another party to this matter, to which no response is required from BANA.  To the extent that Plaintiff contends that a response is required, BANA is without information sufficient to admit or deny the allegations in Paragraph 56 and, therefore, denies the allegations.

57.    The allegations in Paragraph 57 are directed at another party to this matter, to which no response is required from BANA.  To the extent that Plaintiff contends that a response is required, BANA is without information sufficient to admit or deny the allegations in Paragraph 57 and, therefore, denies the allegations.

58.    The allegations in Paragraph 58 are directed at another party to this matter, to which no response is required from BANA.  To the extent that Plaintiff contends that a response is required, BANA is without information sufficient to admit or deny the allegations in Paragraph 58 and, therefore, denies the allegations.

## COUNT IV
## IMPERMISSIBLE PULLS
## FCRA. 15 U.S.C. § 1681b(a)
## AGAINST CITIBANK

59.    BANA incorporates by reference its responses to Paragraphs 1 through 58 as though fully set forth here.

60.    The allegations in Paragraph 60 reference and cite the FCRA, which speaks for itself.  BANA denies any allegations in Paragraph 60 to the extent inconsistent with this statute.

61.    In response to Paragraph 61 of the Complaint, those allegations contain conclusions of law to which no response is required.  To the extent a response may be required, BANA denies the allegations contained in Paragraph 61 of the Complaint.

62.     In response to Paragraph 62 of the Complaint, those allegations contain conclusions of law to which no response is required.  To the extent a response may be required, BANA denies the allegations contained in Paragraph 62 of the Complaint.

63.     The allegations in Paragraph 63 reference and cite the FCRA, which speaks for itself.  BANA denies any allegations in Paragraph 63 to the extent inconsistent with this statute.

64.     The allegations in Paragraph 64 reference and cite the FCRA, which speaks for itself.  BANA denies any allegations in Paragraph 64 to the extent inconsistent with this statute.

65.     The allegations in Paragraph 65 are directed at another party to this matter, to which no response is required from BANA.  To the extent that Plaintiff contends that a response is required, BANA is without information sufficient to admit or deny the allegations in Paragraph 65 and, therefore, denies the allegations.

66.     The allegations in Paragraph 66 are directed at another party to this matter, to which no response is required from BANA.  To the extent that Plaintiff contends that a response is required, BANA is without information sufficient to admit or deny the allegations in Paragraph 66 and, therefore, denies the allegations.

67.     The allegations in Paragraph 67 are directed at another party to this matter, to which no response is required from BANA.  To the extent that Plaintiff contends that a response is required, BANA is without information sufficient to admit or deny the allegations in Paragraph 67 and, therefore, denies the allegations.

68.     The allegations in Paragraph 68 are directed at another party to this matter, to which no response is required from BANA.  To the extent that Plaintiff contends that a response is required, BANA is without information sufficient to admit or deny the allegations in Paragraph 68 and, therefore, denies the allegations.

## COUNT V
## FAILURE TO INVESTIGATE DISPUTE
## FCRA, 15 U.S.C. § 1681s-2(b)
## AGAINST BOA

69.     BANA incorporates by reference its responses to Paragraphs 1 through 68 as though fully set forth here.

70.     The allegations in Paragraph 70 reference the FCRA, which speaks for itself. BANA denies any allegations in Paragraph 70 to the extent inconsistent with this statute.

71.     To the extent the allegations in Paragraph 71 of the Complaint concern certain "written disputes," that document speaks for itself.  To the extent the allegations in Paragraph 71 are inconsistent with those documents, BANA denies those allegations.  BANA is without information sufficient to admit or deny the remaining allegations in Paragraph 71 and, therefore, denies those allegations.

72.     BANA states that it has received several disputes from credit reporting agencies as to the Account.

73.     The allegations in Paragraph 73 appear to be Plaintiff's opinion on what the FCRA obligates, to which no response is required.  The FCRA speaks for itself, and BANA denies any allegations in Paragraph 73 to the extent inconsistent with this statute.  To the extent that Plaintiff contends that a response is required, BANA denies the allegations in Paragraph 73.

74.     BANA denies the allegations in Paragraph 74.

75.     BANA denies the allegations in Paragraph 75 and specifically denies that it violated the FCRA.

76.     BANA denies the allegations in Paragraph 76 and specifically denies that it violated the FCRA and denies that Plaintiff is entitled to the requested relief in the Complaint.

## <u>COUNT VI</u>
## VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
## 15 U.S.C. § 1681c-2
## AGAINST EQUIFAX

77.     BANA incorporates by reference its responses to Paragraphs 1 through 76 as though fully set forth here.

78.     The allegations in Paragraph 78 are directed at another party to this matter, to which no response is required from BANA.  To the extent that Plaintiff contends that a response is required, BANA is without information sufficient to admit or deny the allegations in Paragraph 78 and, therefore, denies the allegations.

79.     The allegations in Paragraph 79 are directed at another party to this matter, to which no response is required from BANA.  To the extent that Plaintiff contends that a response is required, BANA is without information sufficient to admit or deny the allegations in Paragraph 79 and, therefore, denies the allegations.

80.     The allegations in Paragraph 80 are directed at another party to this matter, to which no response is required from BANA.  To the extent that Plaintiff contends that a response is required, BANA is without information sufficient to admit or deny the allegations in Paragraph 80 and, therefore, denies the allegations.

81.     The allegations in Paragraph 81 are directed at another party to this matter, to which no response is required from BANA.  To the extent that Plaintiff contends that a response is required, BANA is without information sufficient to admit or deny the allegations in Paragraph 81 and, therefore, denies the allegations.

82.     The allegations in Paragraph 82 are directed at another party to this matter, to which no response is required from BANA.  To the extent that Plaintiff contends that a response is

required, BANA is without information sufficient to admit or deny the allegations in Paragraph 82 and, therefore, denies the allegations.

**<u>COUNT VII</u>**
**VIOLATIONS OF THE FAIR CREDIT REPORTING ACT**
**15 U.S.C. § 1681c-2**
**AGAINST EXPERIAN**

83.     BANA incorporates by reference its responses to Paragraphs 1 through 82 as though fully set forth here.

84.     The allegations in Paragraph 84 are directed at another party to this matter, to which no response is required from BANA.  To the extent that Plaintiff contends that a response is required, BANA is without information sufficient to admit or deny the allegations in Paragraph 84 and, therefore, denies the allegations.

85.     The allegations in Paragraph 85 are directed at another party to this matter, to which no response is required from BANA.  To the extent that Plaintiff contends that a response is required, BANA is without information sufficient to admit or deny the allegations in Paragraph 85 and, therefore, denies the allegations.

86.     The allegations in Paragraph 86 are directed at another party to this matter, to which no response is required from BANA.  To the extent that Plaintiff contends that a response is required, BANA is without information sufficient to admit or deny the allegations in Paragraph 86 and, therefore, denies the allegations.

87.     The allegations in Paragraph 87 are directed at another party to this matter, to which no response is required from BANA.  To the extent that Plaintiff contends that a response is required, BANA is without information sufficient to admit or deny the allegations in Paragraph 87 and, therefore, denies the allegations.

88.     The allegations in Paragraph 88 are directed at another party to this matter, to which no response is required from BANA.  To the extent that Plaintiff contends that a response is required, BANA is without information sufficient to admit or deny the allegations in Paragraph 88 and, therefore, denies the allegations.

<u>**COUNT VIII**</u>
**VIOLATIONS OF THE FAIR CREDIT REPORTING ACT**
**1681c-2**
**AGAINST TRANSUNION**

89.     BANA incorporates by reference its responses to Paragraphs 1 through 88 as though fully set forth here.

90.     The allegations in Paragraph 90 are directed at another party to this matter, to which no response is required from BANA.  To the extent that Plaintiff contends that a response is required, BANA is without information sufficient to admit or deny the allegations in Paragraph 90 and, therefore, denies the allegations.

91.     The allegations in Paragraph 91 are directed at another party to this matter, to which no response is required from BANA.  To the extent that Plaintiff contends that a response is required, BANA is without information sufficient to admit or deny the allegations in Paragraph 91 and, therefore, denies the allegations.

92.     The allegations in Paragraph 92 are directed at another party to this matter, to which no response is required from BANA.  To the extent that Plaintiff contends that a response is required, BANA is without information sufficient to admit or deny the allegations in Paragraph 92 and, therefore, denies the allegations.

93.     The allegations in Paragraph 93 are directed at another party to this matter, to which no response is required from BANA.  To the extent that Plaintiff contends that a response is

required, BANA is without information sufficient to admit or deny the allegations in Paragraph 93 and, therefore, denies the allegations.

94.     The allegations in Paragraph 94 are directed at another party to this matter, to which no response is required from BANA.  To the extent that Plaintiff contends that a response is required, BANA is without information sufficient to admit or deny the allegations in Paragraph 94 and, therefore, denies the allegations.

**COUNT IX**
**VIOLATIONS OF THE FAIR CREDIT REPORTING ACT**
**15 U.S.C. § 1681i**
**AGAINST TRANSUNION**

95.     BANA incorporates by reference its responses to Paragraphs 1 through 94 as though fully set forth here.

96.     BANA admits the allegations contained in Paragraph 96.

97.     The allegations in Paragraph 97 reference and cite the FCRA, which speaks for itself.  BANA denies any allegations in Paragraph 97 to the extent inconsistent with this statute.

98.     The allegations in Paragraph 98 are directed at another party to this matter, to which no response is required from BANA.  To the extent that Plaintiff contends that a response is required, BANA is without information sufficient to admit or deny the allegations in Paragraph 98 and, therefore, denies the allegations.

99.     The allegations in Paragraph 99 are directed at another party to this matter, to which no response is required from BANA.  To the extent that Plaintiff contends that a response is required, BANA is without information sufficient to admit or deny the allegations in Paragraph 99 and, therefore, denies the allegations.

100.    The allegations in Paragraph 100 are directed at another party to this matter, to which no response is required from BANA.  To the extent that Plaintiff contends that a response

is required, BANA is without information sufficient to admit or deny the allegations in Paragraph 100 and, therefore, denies the allegations.

101.     The allegations in Paragraph 101 are directed at another party to this matter, to which no response is required from BANA.  To the extent that Plaintiff contends that a response is required, BANA is without information sufficient to admit or deny the allegations in Paragraph 101 and, therefore, denies the allegations.

## DEMAND FOR TRIAL BY JURY

102.     BANA denies that Plaintiff is entitled to a jury trial for any cause of action as alleged in Paragraph 102.  Further, to the extent the allegations in the "PRAYER FOR RELIEF" following Paragraph 102 are directed at BANA, BANA denies the allegations and denies that Plaintiff is entitled to the requested relief in the Complaint.  To the extent the allegations in the "PRAYER FOR RELIEF" clause following Paragraph 102 are directed at another party to this matter, no response is required from BANA.  To the extent that Plaintiff contends that a response is required, BANA is without information sufficient to admit or deny the allegations in the "PRAYER FOR RELIEF" clause following Paragraph 102 and, therefore, denies the allegations.

## AFFIRMATIVE DEFENSES

BANA submits the following as its list of affirmative defenses in this matter:

1.     Any allegations not specifically admitted here are denied.

2.     BANA states that the Complaint fails, in whole or in part, to state a claim upon which relief may be granted.

3.     BANA states that Plaintiff, by consenting to the acts and omissions described in the Complaint and/or by failing to raise issue with those acts and omissions in a timely manner, waived, relinquished, and abandoned any claims arising from those acts or omissions.

4.      BANA states that the Complaint is barred, in whole or in part, by the doctrines of fraud, laches, estoppel, and/or unclean hands.

5.      BANA states that the Complaint is barred, in whole or in part, because Plaintiff failed to properly mitigate her damages.

6.      BANA states that its actions were not egregious, knowing, willful, wanton, grossly negligent, or reckless, nor did it act in bad faith, and it otherwise cannot be held responsible or liable for punitive damages.

7.      BANA states that at all times relevant hereto BANA conducted itself in good faith.

8.      BANA states that it did not engage in any act or omission that would justify an award of litigation expenses or attorney's fees, and Plaintiff is otherwise not entitled to such an award.

9.      Plaintiff's damages, if any, were caused by the action and/or inactions of third parties and/or intervening causes over which BANA had no control.

10.     Plaintiff's damages, if any, were caused by Plaintiff's own acts and/or omissions and thus, BANA cannot be held responsible or liable.

11.     BANA states that at all times relevant hereto, BANA conducted itself in conformity with all applicable laws and regulations, including those governing banking entities.

12.     Plaintiff suffered no actual injury.  Thus, Plaintiff lacks Article III standing. *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540 (2016).

13.     Plaintiff's Complaint seeks punitive damages.  BANA adopts by reference the defenses, criteria, limitations, standards, and constitutional protections mandated or provided by the United States Supreme Court in the following cases: *BMW v. Gore*, 517 U.S. 559 (1996); *Cooper Indus., Inc. v. Leatherman Tool Grp., Inc.*, 532 U.S. 923 (2001); *State Farm v. Campbell*,

538 U.S. 408 (2003); *Phillip Morris USA v. Williams*, 127 S. Ct. 1057 (2007); *Exxon Shipping Co. v. Baker*, 168 S. Ct. 265 (2008).

14.     Plaintiff's claim for punitive damages is barred or limited by the provisions of 15 U.S.C. § 1681n.

15.     BANA pleads and asserts all applicable constitutional, statutory, and common law limitations on punitive damages.

16.     Plaintiff's claim that BANA committed willful violations of the Fair Credit Reporting Act is barred by the principles articulated in *Safeco Ins. Co. v. Burr*, 127 S. Ct. 2201 (2007).

17.     BANA reserves the right to assert any additional affirmative defenses as may be disclosed during the course of discovery.

**WHEREFORE,** BANA prays to the Court as follows:

1.     That the claims against BANA be dismissed with prejudice;

2.     That Plaintiff has and recovers nothing from BANA;

3.     That the costs incurred by BANA in defending this action be taxed to Plaintiff; and

4.     That BANA be granted such other and further relief as the Court deems just and proper.

Bank of America, N.A.

By its attorneys,

Dated: May 3, 2023          */s/Dean J. Wagner*
                            Dean J. Wagner, Esq. BBO# 633181
                            Savage Law Partners, LLP
                            564 South Water Street
                            Providence, RI 02903
                            Phone (401) 238-8500
                            Fax (401) 648-6748
                            dwagner@savagelawpartners.com

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing Answer

and Affirmative Defenses was electronically filed on this 3rd day of May, 2023 with the Clerk of

Court using the CM/ECF system, which will send a notification of such filing to all counsel of

record.


/s/Dean J. Wagner
Dean J. Wagner, Esq. BBO#633181