## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

---------------------------------------------------------

MARIA DIAZ,

                                               Case No. 3:22-cv-30160-KAR

        Plaintiff,

     v.

EXPERIAN INFORMATION
SOLUTIONS, INC.; EQUIFAX
INFORMATION SERVICES, LLC;
TRANSUNION, LLC; CITIBANK, N.A.;
BARCLAYS BANK DELAWARE; and
BANK OF AMERICA, N.A.,

                      Defendants.

---------------------------------------------------------

## DEFENDANT CITIBANK, N.A.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT

Defendant Citibank, N.A. ("Citibank") by and through its undersigned counsel, hereby files its Answer and Affirmative Defenses to the Amended Complaint and Demand for Jury Trial (Dkt. No. 44) ("Amended Complaint") of plaintiff Maria Diaz ("Plaintiff"), and further states as follows:

### AS TO "INTRODUCTION"

1. The allegations in this paragraph refer to federal case law, the text of which speaks for itself, and Plaintiff's characterization thereof, if any, is denied. To the extent any other response is required, denied.

2. Citibank denies that it acted unlawfully or engaged in any conduct that violated the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681, *et seq.* or any other statute, with regard to Plaintiff. Citibank is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding the alleged actions of other parties and/or non-parties and, as such, the allegations are denied. To the extent any other response is required, denied.

3.     Citibank denies that it acted unlawfully or engaged in any conduct that violated the FCRA, or any other statute, with regard to Plaintiff.  Citibank is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding the alleged actions of other parties and/or non-parties and, as such, the allegations are denied.  To the extent any other response is required, denied.

4.     Citibank admits only that Plaintiff purports to raise a cause of action for violations of the FCRA.  Citibank denies that it acted unlawfully or engaged in any conduct that violated the FCRA, or any other statute, with regard to Plaintiff.  Citibank is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding the alleged actions of other parties and/or non-parties and, as such, the allegations are denied.  To the extent any other response is required, denied.

5.     Citibank denies that it acted unlawfully or engaged in any conduct that violated the FCRA, or any other statute, with regard to Plaintiff.  Citibank is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding the alleged actions of other parties and/or non-parties and, as such, the allegations are denied.  To the extent any other response is required, denied.

6.     Citibank is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding the alleged actions of other parties and/or non-parties and, as such, the allegations are denied.  To the extent any other response is required, denied.

7.     Citibank admits only that Plaintiff seeks statutory, actual, and punitive damages, as well as injunctive and declaratory relief, and attorneys' fees and costs.  Citibank denies that it acted unlawfully or engaged in any conduct that violated the FCRA, or any other statute, with regard to Plaintiff.  Further, Citibank denies that it is liable for any of the damages, injuries,

or harms alleged by Plaintiff.  Citibank is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding the alleged actions of other parties and/or non-parties and, as such, the allegations are denied.  To the extent any other response is required, denied.

## AS TO "JURISDICTION"

8.      Citibank does not challenge the jurisdiction of the Court for purposes of this action only but denies it has any liability to Plaintiff.  Citibank further states that Plaintiff's claims are subject to arbitration pursuant to the arbitration agreements contained in the terms and conditions governing Plaintiff's accounts with Citibank.

9.      Citibank does not challenge the venue of the Court for purposes of this action only but denies it has any liability to Plaintiff.  Citibank further states that Plaintiff's claims are subject to arbitration pursuant to the arbitration agreements contained in the terms and conditions governing Plaintiff's accounts with Citibank.

## AS TO "PARTIES"

10.      Plaintiff's allegation that she is a "consumer" as defined by 15 U.S.C. § 1681a(c) sets forth legal conclusions to which no response is required.  Citibank is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, as such, any such allegations are denied.  To the extent any other response is required, denied.

11.      Plaintiff's allegations that defendant Equifax Information Services, LLC is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f) sets forth a legal conclusion to which no response is required.  Citibank is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations and, as such, any such allegations are denied.  To

the extent any other response is required, denied.

12.     Citibank is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, as such, any such allegations are denied.  To the extent any other response is required, denied.

13.     Plaintiff's allegations that defendant Experian Information Solutions, Inc. is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f) sets forth a legal conclusion to which no response is required.  Citibank is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations and, as such, any such allegations are denied. To the extent any other response is required, denied.

14.     Citibank is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, as such, any such allegations are denied.  To the extent any other response is required, denied.

15.     Plaintiff's allegations that defendant TransUnion, LLC is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f) sets forth a legal conclusion to which no response is required.  Citibank is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations and, as such, any such allegations are denied.  To the extent any other response is required, denied.

16.     Citibank is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, as such, any such allegations are denied.  To the extent any other response is required, denied.

17.     Citibank is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, as such, any such allegations are denied.  To the extent any other response is required, denied.

18.     Citibank states only that it is a national banking association, organized under the laws of the United States, and located in Sioux Falls, South Dakota.  To the extent any other response is required, denied.

19.     Citibank is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, as such, any such allegations are denied.  To the extent any other response is required, denied.

## AS TO "FACTUAL ALLEGATIONS"

20.     Citibank denies that it acted unlawfully or engaged in any conduct that violated the FCRA, or any other statute, with regard to Plaintiff.  Citibank is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding the alleged actions of other parties and/or non-parties and, as such, the allegations are denied.  To the extent any other response is required, denied.

21.     Citibank is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding the alleged actions of other parties and/or non-parties and, as such, the allegations are denied.  To the extent any other response is required, denied.

22.     Citibank denies that it acted unlawfully or engaged in any conduct that violated the FCRA, or any other statute, with regard to Plaintiff.  Citibank is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding the alleged actions of other parties and/or non-parties and, as such, the allegations are denied.  To the extent any other response is required, denied.

23.     Citibank denies that it acted unlawfully or engaged in any conduct that violated the FCRA, or any other statute, with regard to Plaintiff.  Citibank is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding the alleged

actions of other parties and/or non-parties and, as such, the allegations are denied. To the extent any other response is required, denied.

24.     Citibank is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding the alleged actions of other parties and/or non-parties and, as such, the allegations are denied. To the extent any other response is required, denied.

25.     Citibank is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding the alleged actions of other parties and/or non-parties and, as such, the allegations are denied. To the extent any other response is required, denied.

26.     The allegations in this paragraph refer to a document, the text of which speaks for itself, and Plaintiff's characterization thereof, if any, is denied. To the extent any other response is required, denied.

27.     Citibank denies that it acted unlawfully or engaged in any conduct that violated the FCRA, or any other statute, with regard to Plaintiff. Citibank is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding the alleged actions of other parties and/or non-parties and, as such, the allegations are denied. To the extent any other response is required, denied.

28.     Citibank is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding the alleged actions of other parties and/or non-parties and, as such, the allegations are denied. To the extent any other response is required, denied.

29.     Citibank is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding the alleged actions of other parties and/or non-parties and, as such, the allegations are denied. To the extent any other response is required, denied.

30.     Citibank is without knowledge or information sufficient to form a belief as

to the truth of the allegations regarding the alleged actions of other parties and/or non-parties and, as such, the allegations are denied.  To the extent any other response is required, denied.

31.     Citibank denies receiving proper notice of Plaintiff's disputes.  Citibank further denies that it acted unlawfully or engaged in any conduct that violated the FCRA, or any other statute, with regard to Plaintiff.  Citibank is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding the alleged actions of other parties and/or non-parties and, as such, the allegations are denied.  To the extent any other response is required, denied.

32.     Citibank denies that it acted unlawfully or engaged in any conduct that violated the FCRA, or any other statute, with regard to Plaintiff.  Further, Citibank denies that it is liable for any of the damages, injuries, or harms alleged by Plaintiff.  Citibank is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding the alleged actions of other parties and/or non-parties and, as such, the allegations are denied.  To the extent any other response is required, denied.

33.     Citibank denies that it acted unlawfully or engaged in any conduct that violated the FCRA, or any other statute, with regard to Plaintiff.  Further, Citibank denies that it is liable for any of the damages, injuries, or harms alleged by Plaintiff.  Citibank is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding the alleged actions of other parties and/or non-parties and, as such, the allegations are denied.  To the extent any other response is required, denied.

34.     Citibank denies that it acted unlawfully or engaged in any conduct that violated the FCRA, or any other statute, with regard to Plaintiff.  Further, Citibank denies that it is liable for any of the attorneys' fees or costs alleged by Plaintiff.  Citibank is without knowledge

or information sufficient to form a belief as to the truth of the allegations regarding the alleged actions of other parties and/or non-parties and, as such, the allegations are denied. To the extent any other response is required, denied.

35.     Citibank denies that it acted unlawfully or engaged in any conduct that violated the FCRA, or any other statute, with regard to Plaintiff. Further, Citibank denies that it is liable for any of the damages, injuries, or harms alleged by Plaintiff. Citibank is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding the alleged actions of other parties and/or non-parties and, as such, the allegations are denied. To the extent any other response is required, denied.

36.     Citibank denies that it acted unlawfully or engaged in any conduct that violated the FCRA, or any other statute, with regard to Plaintiff. Further, Citibank denies that it is liable for any of the damages, injuries, or harms alleged by Plaintiff. Citibank is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding the alleged actions of other parties and/or non-parties and, as such, the allegations are denied. To the extent any other response is required, denied.

## AS TO "COUNT I – VIOLATIONS OF THE FAIR CREDIT REPORTING ACT 15 U.S.C. § 1681i AGAINST EQUIFAX"

37.     Citibank incorporates by reference all responses to the above paragraphs of the Amended Complaint as though fully stated herein.

38.     Plaintiff's allegations that defendant Equifax Information Services, LLC is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f) sets forth a legal conclusion to which no response is required. Citibank is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations and, as such, any such allegations are denied. To the extent any other response is required, denied.

39.     The allegations in this paragraph refer to a federal statute, the text of which speaks for itself, and Plaintiff's characterization thereof, if any, is denied.  To the extent any other response is required, denied.

40.     The allegations of this paragraph pertain exclusively to entities or individuals other than Citibank and, therefore, no response from Citibank is required.  Citibank is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding the alleged actions of other parties and/or non-parties and, as such, the allegations are denied.  To the extent any other response is required, denied.

41.     The allegations of this paragraph pertain exclusively to entities or individuals other than Citibank and, therefore, no response from Citibank is required.  Citibank is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding the alleged actions of other parties and/or non-parties and, as such, the allegations are denied.  To the extent any other response is required, denied.

42.     The allegations of this paragraph pertain exclusively to entities or individuals other than Citibank and, therefore, no response from Citibank is required.  Citibank is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding the alleged actions of other parties and/or non-parties and, as such, the allegations are denied.  To the extent any other response is required, denied.

43.     The allegations of this paragraph pertain exclusively to entities or individuals other than Citibank and, therefore, no response from Citibank is required.  Citibank is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding the alleged actions of other parties and/or non-parties and, as such, the allegations are denied.  To the extent any other response is required, denied.

## AS TO "COUNT II – VIOLATIONS OF THE FAIR CREDIT REPORTING ACT 15 U.S.C. § 1681i AGAINST EXPERIAN"

44.     Citibank incorporates by reference all responses to the above paragraphs of the Amended Complaint as though fully stated herein.

45.     Plaintiff's allegations that defendant Experian Information Solutions, Inc. is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f) sets forth a legal conclusion to which no response is required.  Citibank is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations and, as such, any such allegations are denied. To the extent any other response is required, denied.

46.     The allegations in this paragraph refer to a federal statute, the text of which speaks for itself, and Plaintiff's characterization thereof, if any, is denied.  To the extent any other response is required, denied.

47.     The allegations of this paragraph pertain exclusively to entities or individuals other than Citibank and, therefore, no response from Citibank is required.  Citibank is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding the alleged actions of other parties and/or non-parties and, as such, the allegations are denied.  To the extent any other response is required, denied.

48.     The allegations of this paragraph pertain exclusively to entities or individuals other than Citibank and, therefore, no response from Citibank is required.  Citibank is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding the alleged actions of other parties and/or non-parties and, as such, the allegations are denied.  To the extent any other response is required, denied.

49.     The allegations of this paragraph pertain exclusively to entities or individuals other than Citibank and, therefore, no response from Citibank is required.  Citibank is

without knowledge or information sufficient to form a belief as to the truth of the allegations regarding the alleged actions of other parties and/or non-parties and, as such, the allegations are denied.  To the extent any other response is required, denied.

50.     The allegations of this paragraph pertain exclusively to entities or individuals other than Citibank and, therefore, no response from Citibank is required.  Citibank is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding the alleged actions of other parties and/or non-parties and, as such, the allegations are denied.  To the extent any other response is required, denied.

## AS TO "COUNT III – FAILURE TO INVESTIGATE DISPUTE FCRA, 15 U.S.C. § 1681s-2(b) AGAINST CITIBANK"

51.     Citibank incorporates by reference all responses to the above paragraphs of the Amended Complaint as though fully stated herein.

52.     The allegations in this paragraph refer to a federal statute, the text of which speaks for itself, and Plaintiff's characterization thereof, if any, is denied.  To the extent any other response is required, denied.

53.     Citibank is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding the alleged actions of other parties and/or non-parties and, as such, the allegations are denied.  To the extent any other response is required, denied.

54.     Citibank denies receiving proper notice of Plaintiff's disputes.  Citibank is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding the alleged actions of other parties and/or non-parties and, as such, the allegations are denied.  To the extent any other response is required, denied.

55.     The allegations in this paragraph refer to a federal statute, the text of which speaks for itself, and Plaintiff's characterization thereof, if any, is denied.  To the extent any other

response is required, denied.

56.     Citibank denies receiving proper notice of Plaintiff's disputes.  Further, Citibank denies that it acted unlawfully or engaged in any conduct that violated the FCRA, or any other statute, with regard to Plaintiff.  Citibank is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding the alleged actions of other parties and/or non-parties and, as such, the allegations are denied.  To the extent any other response is required, denied.

57.     Citibank denies that it acted unlawfully or engaged in any conduct that violated the FCRA, or any other statute, with regard to Plaintiff.  To the extent any other response is required, denied.

58.     Citibank denies that it acted unlawfully or engaged in any conduct that violated the FCRA, or any other statute, with regard to Plaintiff.  Further, Citibank denies that it is liable for any of the damages, injuries, or harms alleged by Plaintiff.  Citibank is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding the alleged actions of other parties and/or non-parties and, as such, the allegations are denied.  To the extent any other response is required, denied.

## AS TO "COUNT IV – IMPERMISSIBLE PULLS<br>FCRA, 15 U.S.C. § 1681b(a) AGAINST CITIBANK"

59.     Citibank incorporates by reference all responses to the above paragraphs of the Amended Complaint as though fully stated herein.

60.     The allegations in this paragraph set forth legal conclusions to which no response is required.  To the extent any other response is required, denied.

61.     The allegations in this paragraph set forth legal conclusions to which no response is required.  To the extent any other response is required, denied.

62.     The allegations in this paragraph set forth legal conclusions to which no response is required.  To the extent any other response is required, denied.

63.     The allegations in this paragraph refer to a federal statute, the text of which speaks for itself, and Plaintiff's characterization thereof, if any, is denied.  To the extent any other response is required, denied.

64.     The allegations in this paragraph refer to a federal statute, the text of which speaks for itself, and Plaintiff's characterization thereof, if any, is denied.  To the extent any other response is required, denied.

65.     Citibank denies that it acted unlawfully or engaged in any conduct that violated the FCRA, or any other statute, with regard to Plaintiff.  Citibank is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding the alleged actions of other parties and/or non-parties and, as such, the allegations are denied.  To the extent any other response is required, denied.

66.     Citibank denies that it acted unlawfully or engaged in any conduct that violated the FCRA, or any other statute, with regard to Plaintiff.  To the extent any other response is required, denied.

67.     Citibank denies that it acted unlawfully or engaged in any conduct that violated the FCRA, or any other statute, with regard to Plaintiff.  To the extent any other response is required, denied.

68.     Citibank denies that it acted unlawfully or engaged in any conduct that violated the FCRA, or any other statute, with regard to Plaintiff.  Further, Citibank denies that it is liable for any of the damages, injuries, or harms alleged by Plaintiff.  To the extent any other response is required, denied.

**AS TO "COUNT V – FAILURE TO INVESTIGATE DISPUTE**
**FCRA, 15 U.S.C. § 1681s-2(b) AGAINST BOA"**

69.     Citibank incorporates by reference all responses to the above paragraphs of the Amended Complaint as though fully stated herein.

70.     The allegations in this paragraph refer to a federal statute, the text of which speaks for itself, and Plaintiff's characterization thereof, if any, is denied.  To the extent any other response is required, denied.

71.     The allegations of this paragraph pertain exclusively to entities or individuals other than Citibank and, therefore, no response from Citibank is required.  Citibank is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding the alleged actions of other parties and/or non-parties and, as such, the allegations are denied.  To the extent any other response is required, denied.

72.     The allegations of this paragraph pertain exclusively to entities or individuals other than Citibank and, therefore, no response from Citibank is required.  Citibank is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding the alleged actions of other parties and/or non-parties and, as such, the allegations are denied.  To the extent any other response is required, denied.

73.     The allegations in this paragraph refer to a federal statute, the text of which speaks for itself, and Plaintiff's characterization thereof, if any, is denied.  To the extent any other response is required, denied.

74.     The allegations of this paragraph pertain exclusively to entities or individuals other than Citibank and, therefore, no response from Citibank is required.  Citibank is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding the alleged actions of other parties and/or non-parties and, as such, the allegations are

denied.  To the extent any other response is required, denied.

75.     The allegations of this paragraph pertain exclusively to entities or individuals other than Citibank and, therefore, no response from Citibank is required.  Citibank is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding the alleged actions of other parties and/or non-parties and, as such, the allegations are denied.  To the extent any other response is required, denied.

76.     The allegations of this paragraph pertain exclusively to entities or individuals other than Citibank and, therefore, no response from Citibank is required.  Citibank is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding the alleged actions of other parties and/or non-parties and, as such, the allegations are denied.  To the extent any other response is required, denied.

## AS TO "COUNT VI – VIOLATIONS OF THE FAIR CREDIT REPORTING ACT 15 U.S.C. § 1681c-2 AGAINST EQUIFAX"

77.     Citibank incorporates by reference all responses to the above paragraphs of the Amended Complaint as though fully stated herein.

78.     The allegations of this paragraph pertain exclusively to entities or individuals other than Citibank and, therefore, no response from Citibank is required.  Citibank is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding the alleged actions of other parties and/or non-parties and, as such, the allegations are denied.  To the extent any other response is required, denied.

79.     The allegations in this paragraph refer to a document, the text of which speaks for itself, and Plaintiff's characterization thereof, if any, is denied.  To the extent any other response is required, denied.

80.     The allegations of this paragraph pertain exclusively to entities or

individuals other than Citibank and, therefore, no response from Citibank is required.  Citibank is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding the alleged actions of other parties and/or non-parties and, as such, the allegations are denied.  To the extent any other response is required, denied.

81.     The allegations of this paragraph pertain exclusively to entities or individuals other than Citibank and, therefore, no response from Citibank is required.  Citibank is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding the alleged actions of other parties and/or non-parties and, as such, the allegations are denied.  To the extent any other response is required, denied.

82.     The allegations of this paragraph pertain exclusively to entities or individuals other than Citibank and, therefore, no response from Citibank is required.  Citibank is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding the alleged actions of other parties and/or non-parties and, as such, the allegations are denied.  To the extent any other response is required, denied.

## AS TO "COUNT VII – VIOLATIONS OF THE FAIR CREDIT REPORTING ACT 15 U.S.C. § 1681c-2 AGAINST EXPERIAN"

83.     Citibank incorporates by reference all responses to the above paragraphs of the Amended Complaint as though fully stated herein.

84.     The allegations of this paragraph pertain exclusively to entities or individuals other than Citibank and, therefore, no response from Citibank is required.  Citibank is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding the alleged actions of other parties and/or non-parties and, as such, the allegations are denied.  To the extent any other response is required, denied.

85.     The allegations in this paragraph refer to a document, the text of which

16

speaks for itself, and Plaintiff's characterization thereof, if any, is denied.  To the extent any other response is required, denied.

86.     The allegations of this paragraph pertain exclusively to entities or individuals other than Citibank and, therefore, no response from Citibank is required.  Citibank is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding the alleged actions of other parties and/or non-parties and, as such, the allegations are denied.  To the extent any other response is required, denied.

87.     The allegations of this paragraph pertain exclusively to entities or individuals other than Citibank and, therefore, no response from Citibank is required.  Citibank is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding the alleged actions of other parties and/or non-parties and, as such, the allegations are denied.  To the extent any other response is required, denied.

88.     The allegations of this paragraph pertain exclusively to entities or individuals other than Citibank and, therefore, no response from Citibank is required.  Citibank is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding the alleged actions of other parties and/or non-parties and, as such, the allegations are denied.  To the extent any other response is required, denied.

## AS TO "COUNT VIII – VIOLATIONS OF THE FAIR CREDIT REPORTING ACT 15 U.S.C. § 1681c-2 AGAINST TRANSUNION"

89.     Citibank incorporates by reference all responses to the above paragraphs of the Amended Complaint as though fully stated herein.

90.     The allegations of this paragraph pertain exclusively to entities or individuals other than Citibank and, therefore, no response from Citibank is required.  Citibank is without knowledge or information sufficient to form a belief as to the truth of the allegations

regarding the alleged actions of other parties and/or non-parties and, as such, the allegations are denied.  To the extent any other response is required, denied.

91.     The allegations in this paragraph refer to a document, the text of which speaks for itself, and Plaintiff's characterization thereof, if any, is denied.  To the extent any other response is required, denied.

92.     The allegations of this paragraph pertain exclusively to entities or individuals other than Citibank and, therefore, no response from Citibank is required.  Citibank is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding the alleged actions of other parties and/or non-parties and, as such, the allegations are denied.  To the extent any other response is required, denied.

93.     The allegations of this paragraph pertain exclusively to entities or individuals other than Citibank and, therefore, no response from Citibank is required.  Citibank is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding the alleged actions of other parties and/or non-parties and, as such, the allegations are denied.  To the extent any other response is required, denied.

94.     The allegations of this paragraph pertain exclusively to entities or individuals other than Citibank and, therefore, no response from Citibank is required.  Citibank is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding the alleged actions of other parties and/or non-parties and, as such, the allegations are denied.  To the extent any other response is required, denied.

## AS TO "COUNT IX – VIOLATIONS OF THE FAIR CREDIT REPORTING ACT 15 U.S.C. § 1681i AGAINST TRANSUNION"

95.     Citibank incorporates by reference all responses to the above paragraphs of the Amended Complaint as though fully stated herein.

96.     Plaintiff's allegations that defendant TransUnion, LLC is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f) sets forth a legal conclusion to which no response is required.  Citibank is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations and, as such, any such allegations are denied.  To the extent any other response is required, denied.

97.     The allegations in this paragraph refer to a federal statute, the text of which speaks for itself, and Plaintiff's characterization thereof, if any, is denied.  To the extent any other response is required, denied.

98.     The allegations of this paragraph pertain exclusively to entities or individuals other than Citibank and, therefore, no response from Citibank is required.  Citibank is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding the alleged actions of other parties and/or non-parties and, as such, the allegations are denied.  To the extent any other response is required, denied.

99.     The allegations of this paragraph pertain exclusively to entities or individuals other than Citibank and, therefore, no response from Citibank is required.  Citibank is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding the alleged actions of other parties and/or non-parties and, as such, the allegations are denied.  To the extent any other response is required, denied.

100.     The allegations of this paragraph pertain exclusively to entities or individuals other than Citibank and, therefore, no response from Citibank is required.  Citibank is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding the alleged actions of other parties and/or non-parties and, as such, the allegations are denied.  To the extent any other response is required, denied.

101.    The allegations of this paragraph pertain exclusively to entities or individuals other than Citibank and, therefore, no response from Citibank is required.  Citibank is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding the alleged actions of other parties and/or non-parties and, as such, the allegations are denied.  To the extent any other response is required, denied.

**WHEREFORE**, Citibank, N.A. denies any liability whatsoever, denies that Plaintiff is entitled to any damages, costs, fees, or other relief from or against Citibank, N.A., and demands judgment in its favor and against Plaintiff, together with such other relief, including costs and attorneys' fees, as the Court deems just and proper.

### AS TO "DEMAND FOR TRIAL BY JURY"

102.    Citibank admits only that Plaintiff has demanded a trial by jury, but denies that Plaintiff is entitled to a jury trial.

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims are subject to binding arbitration pursuant to the arbitration agreement contained in the terms and conditions governing any credit card accounts issued by Citibank to Plaintiff.  Citibank reserves the right to compel arbitration of the claims contained in the Amended Complaint pursuant to the applicable agreements agreed to by Plaintiff.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff fails to state any claim upon which relief may be granted.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of release and/or waiver.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff is barred from relief against Citibank inasmuch as any alleged harm

suffered by Plaintiff was not caused in fact or proximately caused by any act or omission of Citibank.

## FIFTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff has suffered any damages as a result of the matters alleged in the Amended Complaint, Plaintiff failed to mitigate her damages, if any.

## SIXTH AFFIRMATIVE DEFENSE

Any and all damages sustained by Plaintiff are the direct result of her own actions or omissions or the acts or omissions of unrelated third parties over which Citibank has no control.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrines of unclean hands, estoppel, laches, acquiescence, and other doctrines of equitable relief.

## EIGHTH AFFIRMATIVE DEFENSE

Citibank has acted in good faith and not willfully, maliciously, recklessly, wantonly, and/or negligently.

## NINTH AFFIRMATIVE DEFENSE

Citibank has acted with due care at all times and complied with all applicable laws, regulations, and standards and otherwise acted reasonably.

## TENTH AFFIRMATIVE DEFENSE

Citibank has not violated any duty or obligation owed to Plaintiff under common law, statute, any applicable contract, or other authority.

## ELEVENTH AFFIRMATIVE DEFENSE

To the extent Plaintiff claims Citibank willfully violated the FCRA, which Citibank denies, any purported violation was not willful because Citibank's interpretation of the FCRA is not objectively unreasonable.  *See, e.g.*, *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 70 (2007).

## TWELFTH AFFIRMATIVE DEFENSE

The FCRA does not provide a private right of action for the furnishing of inaccurate information and though framed as investigation claims, Plaintiff's claims are in fact based on the reporting of information.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff lacks Article III standing to pursue these claims.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred due to an absence of any actual damages.  Hence, any statutory damages constitute an excessive fine and violate Citibank's rights under the Due Process and Takings Clause of the United States Constitution and/or applicable state constitutions.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff has not sufficiently alleged, and cannot establish, malice, willfulness, or negligence on the part of Citibank.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to punitive damages.

## SEVENTEENTH AFFIRMATIVE DEFENSE

To the extent Citibank was required to investigate Plaintiff's purported disputes, Plaintiff failed to provide Citibank with sufficient information to enable it to perform a reasonable investigation of the alleged disputes.  *See, e.g.*, *Westra v. Credit Control of Pinellas*, 409 F.3d 825, 827 (7th Cir. 2005).

## EIGHTEENTH AFFIRMATIVE DEFENSE

Even assuming Plaintiff was the victim of identity theft (which Citibank disputes), Citibank had a permissible purpose to access Plaintiff's consumer reports pursuant to 15 U.S.C. § 1681b.  *See, e.g.*, *Bickley v. Dish Network, LLC*, 751 F.3d 724, 731 (6th Cir. 2014) (holding

that where an identity thief purporting to be a consumer requested a service from a user, the user, in verifying the identity of the consumer, had a permissible purpose to obtain the report); *Glanton v. DirecTV, LLC*, 172 F. Supp. 3d 890, 896 (D.S.C. 2016) ("Courts have reached the conclusion that there is no violation of Section 1681b when a creditor obtains a credit report due to an imposter's application for credit even though the identity theft victim did not make the application."); *Daniel v. Bluestem Brands, Inc.*, No. 13-11714, 2014 U.S. Dist. LEXIS 2383, at *12 (E.D. Mich. Jan. 9, 2014) ("[A] potential creditor does not violate section 1681b(f) when it accesses a plaintiff's credit report for a permissible purpose, even if the plaintiff's identity was stolen and the plaintiff did not initiate the business contact."); *Ewing v. Wells Fargo Bank*, No. CV11-8194-PCT-JAT, 2012 U.S. Dist. LEXIS 70310, at *10–11 (D. Ariz. May 21, 2012) (finding that the plaintiff's conclusory allegation that the defendant had no permissible purpose for obtaining her credit did not state a claim under section 1681b(f), in part, because the plaintiff's police report for identity theft indicated that someone used her identity to apply for a loan or credit transaction with the defendant).

## NINETEENTH AFFIRMATIVE DEFENSE

Citibank is entitled to attorneys' fees from Plaintiff pursuant to 15 U.S.C. §§ 1681n(c) and/or 1681o(b).

## TWENTIETH AFFIRMATIVE DEFENSE

Citibank reserves the right to assert additional defenses at such time and to such extent as warranted by discovery and the factual developments of this case.

Respectfully submitted,

DATED:  May 5, 2023

/s/ *Christopher A. Hatfield*
Christopher A. Hatfield
Ballard Spahr LLP
1909 K Street, NW, 12th Floor
(202) 661-2200
(202) 661-2299 (Fax)
hatfieldc@ballardspahr.com

*Counsel for Defendant, Citibank, N.A.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 5th day of May 2023, I caused a copy of the foregoing to be

served via ECF on all counsel and parties of record.

*/s/ Christopher A. Hatfield*
Christopher A. Hatfield