# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS
### WESTERN DIVISION

| | |
|---|---|
| MARIA DIAZ,<br><br>       Plaintiff,<br><br>    v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC., EQUIFAX INFORMATION SERVICES, LLC, CITIBANK, N.A., and BANK OF AMERICA, N.A.<br><br>       Defendants. | Civil Action No. 3:22-cv-30160-KAR |

## ANSWER AND AFFIRMATIVE DEFENSES OF
## DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC.

NOW COMES Defendant Experian Information Solutions, Inc. ("Experian"), by and through its undersigned counsel, and in response to the separately paragraphed allegations of Plaintiff Maria Diaz's Amended Complaint (the "Complaint"), answers as follows:

### INTRODUCTION

1.      In response to paragraph 1 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

2.      In response to paragraph 2 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

3.      In response to paragraph 3 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian.  As to the

allegations in paragraph 3 which relate to another defendant, Experian is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, such allegations.

4.      In response to paragraph 4 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian.  As to the allegations in paragraph 4 which relate to another defendant, Experian is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, such allegations.

5.      In response to paragraph 5 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

6.      In response to paragraph 6 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian.  As to the allegations in paragraph 6 which relate to another defendant, Experian is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, such allegations.

7.      In response to paragraph 7 of the Complaint, Experian admits that Plaintiff seeks statutory, actual, and punitive damages, injunctive and declaratory relief, and attorneys' fees and costs.  Experian denies that it is liable to Plaintiff for any alleged damages, or any relief whatsoever.

## JURISDICTION

8.      In response to paragraph 8 of the Complaint, Experian states that this is a legal conclusion which is not subject to denial or admission.  To the extent that a response is required,

Experian admits that this Court has jurisdiction based on 28 U.S.C. § 1331 and 15 U.S.C.

§ 1681p.

9.      In response to paragraph 9 of the Complaint, Experian states that this is a legal

conclusion which is not subject to denial or admission.  To the extent that a response is required,

Experian admits that venue in this district is proper pursuant to 28 U.S.C. § 1391(b).

## PARTIES

10.      In response to paragraph 10 of the Complaint, Experian states that whether

Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c) is a legal conclusion

which is not subject to denial or admission.  As to the remaining allegations in paragraph 10,

Experian is without knowledge or information sufficient to form a belief as to the truth of the

allegations contained therein and, on that basis, denies, generally and specifically, each and

every allegation contained therein.

11.      In response to paragraph 11 of the Complaint, Experian is without knowledge or

information sufficient to form a belief as to the truth of the allegations contained therein and, on

that basis, denies, generally and specifically, each and every allegation contained therein.

12.      In response to paragraph 12 of the Complaint, Experian is without knowledge or

information sufficient to form a belief as to the truth of the allegations contained therein and, on

that basis, denies, generally and specifically, each and every allegation contained therein.

13.      In response to paragraph 13 of the Complaint, Experian admits that it is a

"consumer reporting agency" as defined by 15 U.S.C. § 1681a(f) and, in its capacity as a

consumer reporting agency, Experian at times, for monetary fees, assembles or evaluates

consumer credit information for the purpose of furnishing "consumer reports," as that term is

defined by 15 U.S.C. § 1681a(d), to third parties.  Except as specifically admitted, Experian

denies, generally and specifically, each and every remaining allegation contained therein.

14.     In response to paragraph 14 of the Complaint, Experian admits that it maintains corporate headquarters at 475 Anton Boulevard, Costa Mesa, California.

15.     In response to paragraph 15 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

16.     In response to paragraph 16 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

17.     In response to paragraph 17 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

18.     In response to paragraph 18 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

19.     In response to paragraph 19 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

## FACTUAL ALLEGATIONS

20.     In response to paragraph 20 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

21.     In response to paragraph 21 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

22.     In response to paragraph 22 of the Complaint, Experian admits that Plaintiff disputed certain Bank of America, Citibank, and Home Depot/Citbank accounts with Experian. As to the remaining allegations in paragraph 19, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies, generally and specifically, each and every remaining allegation contained therein.

23.     In response to paragraph 23 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

24.     In response to paragraph 24 of the Complaint, Experian admits that it received dispute letters from Plaintiff dated July 12, 2022 and July 19, 2022.  Experian admits that Plaintiff's July 19, 2022 letter states: "I believe I am a victim of identity theft." In response to the remaining allegations in paragraph 24, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies, generally and specifically, each and every remaining allegation contained therein.

25.     In response to paragraph 25 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

26.     In response to paragraph 26 of the Complaint, Experian states that Plaintiff included an FTC Identify Theft Report with her July 12, 2022 dispute letter. As to the remaining allegations in paragraph 26 that relate to Experian, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian. In response to the remaining allegations in paragraph 26, Experian is without knowledge or information sufficient to form a

belief as to the truth of the allegations and, on that basis, denies, generally and specifically, each and every remaining allegation contained therein.

27.     In response to paragraph 27 of the Complaint, Experian denies that it refused to investigate the Citibank and BOA accounts.  In response to the remaining allegations in paragraph 23, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

28.     In response to paragraph 28 of the Complaint, Experian denies the allegations contained therein.

29.     In response to paragraph 29 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

30.     In response to paragraph 30 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

31.     In response to paragraph 31 of the Complaint, Experian admits that it received disputes from Plaintiff regarding certain Bank of America, Citibank, and Home Depot/Citbank accounts. In response to the remaining allegations relating to Experian in paragraph 31, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian.  As to the allegations in paragraph 31 which relate to another defendant, Experian is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, such allegations.

32.     In response to paragraph 32 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian.  As to any remaining allegations, Experian is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, such allegations.

33.     In response to paragraph 33 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian.  As to any remaining allegations, Experian is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, such allegations.

34.     In response to paragraph 34 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian.  As to any remaining allegations, Experian is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, such allegations.

35.     In response to paragraph 35 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian.  As to any remaining allegations, Experian is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, such allegations.

36.     In response to paragraph 36 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian.  As to any remaining allegations, Experian is without knowledge or information sufficient to form a belief

as to the truth of those allegations and, on that basis, denies, generally and specifically, such allegations.

## COUNT I
## VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
## 15 U.S.C. § 1681i
## AGAINST EQUIFAX

37.     In response to paragraph 37 of the Complaint, Experian incorporates its responses to paragraphs 1 through 36 of the Complaint as fully set forth herein.

38.     In response to paragraph 38 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

39.     In response to paragraph 39 of the Complaint, Experian admits that Plaintiff appears to quote Section 1681(a)(1)(A) of the FCRA.  Experian affirmatively states that the FCRA speaks for itself and, on that basis, denies any allegations of paragraph 39 inconsistent therewith.

40.     In response to paragraph 40 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

41.     In response to paragraph 41 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

42.     In response to paragraph 42 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

43.     In response to paragraph 43 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

**COUNT II**
**VIOLATIONS OF THE FAIR CREDIT REPORTING ACT**
**15 U.S.C. § 1681i**
**AGAINST EXPERIAN**

44.     In response to paragraph 44 of the Complaint, Experian incorporates its responses to paragraphs 1 through 43 of the Complaint as fully set forth herein.

45.     In response to paragraph 45 of the Complaint, Experian states that "consumer reporting agency" is not defined by 15 U.S.C. § 1681a(c).  Experian states that it is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f).

46.     In response to paragraph 46 of the Complaint, Experian admits that Plaintiff appears to quote Section 1681(a)(1)(A) of the FCRA.  Experian affirmatively states that the FCRA speaks for itself and, on that basis, denies any allegations of paragraph 46 inconsistent therewith.

47.     In response to paragraph 47 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

48.     In response to paragraph 48 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

49.     In response to paragraph 49 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

50.     In response to paragraph 50 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

<u>COUNT III</u>
**FAILURE TO INVESTIGATE DISPUTE**
**FCRA, 15 U.S.C. § 1681s-2(b)**
**AGAINST CITIBANK**

51.    In response to paragraph 51 of the Complaint, Experian incorporates its responses to paragraphs 1 through 50 of the Complaint as fully set forth herein.

52.    In response to paragraph 52 of the Complaint, Experian admits that Plaintiff appears to paraphrase the FCRA. Experian affirmatively states that the FCRA speaks for itself and, on that basis, denies any allegations of paragraph 52 inconsistent therewith.

53.    In response to paragraph 53 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

54.    In response to paragraph 54 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

55.    In response to paragraph 55 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

56.    In response to paragraph 56 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

57.    In response to paragraph 57 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

58.     In response to paragraph 58 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

**COUNT IV**
**IMPERMISSIBLE PULLS**
**FCRA, 15 U.S.C. § 1681b(a)**
**AGAINST CITIBANK**

59.     In response to paragraph 59 of the Complaint, Experian incorporates its responses to paragraphs 1 through 58 of the Complaint as fully set forth herein.

60.     In response to paragraph 60 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

61.     In response to paragraph 61 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

62.     In response to paragraph 62 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

63.     In response to paragraph 63 of the Complaint, Experian admits that Plaintiff appears to quote Section 1681b(f) of the FCRA.  Experian affirmatively states that the FCRA speaks for itself and, on that basis, denies any allegations of paragraph 63 inconsistent therewith.

64.     In response to paragraph 64 of the Complaint, Experian admits that Plaintiff appears to quote Section 1681b(a)(3) of the FCRA.  Experian affirmatively states that the FCRA speaks for itself and, on that basis, denies any allegations of paragraph 64 inconsistent therewith.

65.     In response to paragraph 65 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

66.     In response to paragraph 66 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

67.     In response to paragraph 67 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

68.     In response to paragraph 68 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

**COUNT V**
**FAILURE TO INVESTIGATE DISPUTE**
**FCRA, 15 U.S.C. § 1681s-2(b)**
**AGAINST BOA**

69.     In response to paragraph 69 of the Complaint, Experian incorporates its responses to paragraphs 1 through 68 of the Complaint as fully set forth herein.

70.     In response to paragraph 70 of the Complaint, Experian admits that Plaintiff appears to paraphrase the FCRA. Experian affirmatively states that the FCRA speaks for itself and, on that basis, denies any allegations of paragraph 70 inconsistent therewith.

71.     In response to paragraph 71 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

72.     In response to paragraph 72 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

73.     In response to paragraph 73 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

74.     In response to paragraph 74 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

75.     In response to paragraph 75 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

76.     In response to paragraph 76 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

<u>**COUNT VI**</u>
**VIOLATIONS OF THE FAIR CREDIT REPORTING ACT**
**15 U.S.C. § 1681c-2**
**AGAINST EQUIFAX**

77.     In response to paragraph 77 of the Complaint, Experian incorporates its responses to paragraphs 1 through 76 of the Complaint as fully set forth herein.

78.     In response to paragraph 78 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

79.     In response to paragraph 79 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

80.     In response to paragraph 80 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

81.     In response to paragraph 81 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

82.     In response to paragraph 82 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

**COUNT VII**
**VIOLATIONS OF THE FAIR CREDIT REPORTING ACT**
**15 U.S.C. § 1681c-2**
**AGAINST EXPERIAN**

83.     In response to paragraph 83 of the Complaint, Experian incorporates its responses to paragraphs 1 through 82 of the Complaint as fully set forth herein.

84.     In response to paragraph 81 of the Complaint, Experian admits that it received dispute letters from Plaintiff dated July 12, 2022 and July 19, 2022 relating to Bank of America and Citibank accounts.  Experian admits that Plaintiff's July 19, 2022 letter states: "I believe I am a victim of identity theft." In response to the remaining allegations in paragraph 84, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies, generally and specifically, each and every remaining allegation contained therein.

85.     In response to paragraph 85 of the Complaint, Experian states that Plaintiff included an FTC Identify Theft Report and social security number with her July 12, 2022 dispute letter. As to the remaining allegations in paragraph 85 of the Complaint, Experian denies, generally and specifically, each and every remaining allegation contained therein.

86.     In response to paragraph 86 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

87.     In response to paragraph 87 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

88.     In response to paragraph 88 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

**COUNT VIII**
**VIOLATIONS OF THE FAIR CREDIT REPORTING ACT**
**15 U.S.C. § 1681c-2**
**AGAINST TRANSUNION**

89.     In response to paragraph 89 of the Complaint, Experian incorporates its responses to paragraphs 1 through 88 of the Complaint as fully set forth herein.

90.     In response to paragraph 90 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

91.     In response to paragraph 91 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

92.     In response to paragraph 92 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

93.     In response to paragraph 93 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

94.     In response to paragraph 94 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

## COUNT VIII
## VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
## 15 U.S.C. § 1681i
## AGAINST TRANSUNION

95.     In response to paragraph 95 of the Complaint, Experian incorporates its responses to paragraphs 1 through 94 of the Complaint as fully set forth herein.

96.     In response to paragraph 96 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

97.     In response to paragraph 97 of the Complaint, Experian admits that Plaintiff appears to quote Section 1681(a)(1)(A) of the FCRA.  Experian affirmatively states that the FCRA speaks for itself and, on that basis, denies any allegations of paragraph 97 inconsistent therewith.

98.     In response to paragraph 98 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

99.     In response to paragraph 99 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

100.    In response to paragraph 100 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

101.    In response to paragraph 101 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

## RESPONSE TO DEMAND FOR TRIAL BY JURY

102.    Experian admits that Plaintiff has demanded trial by jury on all issues triable.

## RESPONSE TO PRAYER FOR RELIEF

Experian denies the allegations contained in paragraphs A through E under the sentence beginning with "WHEREFORE" and specifically denies that Plaintiff is entitled to judgment against, or any relief whatsoever from, Experian in this action.

## AFFIRMATIVE DEFENSES

By asserting the defenses set forth below, Experian does not allege or admit that it has the burden of proof and/or the burden of persuasion with respect to any of these defenses. Nor does Experian admit that Plaintiff is relieved of her burden to prove each and every element of her claims and the damages, if any, to which she is entitled. As for its affirmative defenses, Experian reasserts and reincorporates as if fully set forth herein its responses, above, to the Complaint and asserts the following affirmative defenses.

## First Affirmative Defense

The Complaint fails to set forth facts sufficient to state a claim upon which relief may be granted against Experian and further fails to state facts sufficient to entitle Plaintiff to the relief sought, or to any other relief whatsoever from Experian.

### Second Affirmative Defense

Claims barred by the qualified immunity of 15 U.S.C. § 1681h(e) should be dismissed.

### Third Affirmative Defense

All claims against Experian are barred because all information Experian communicated to any third person regarding Plaintiff was true.

### Fourth Affirmative Defense

Any purported damages allegedly suffered by Plaintiff are the results of the acts or omissions of third persons over whom Experian had neither control nor responsibility.

### Fifth Affirmative Defense

Plaintiff has failed to mitigate her damages.

### Sixth Affirmative Defense

Experian is informed and believes and thereon alleges that any alleged damages sustained by Plaintiff were, at least in part, caused by the actions of Plaintiff himself and/or third parties and resulted from Plaintiff's or third parties' own negligence which equaled or exceeded any alleged negligence or wrongdoing by Experian.

### Seventh Affirmative Defense

Any damages which Plaintiff may have suffered, which Experian continues to deny, were the direct and proximate result of the conduct of Plaintiff.  Therefore, Plaintiff is estopped and barred from recovery of any damages.

### Eighth Affirmative Defense

Some or all claims for relief in the Complaint herein are barred by the applicable statutes of limitation, including but not limited to 15 U.S.C. § 1681p.

## Ninth Affirmative Defense

The Complaint, and each claim for relief therein that seeks equitable relief, are barred by the doctrine of unclean hands.

## Tenth Affirmative Defense

Any damages which Plaintiff may have suffered, which Experian continues to deny, were not caused by Experian, but rather were caused by an independent intervening cause. Therefore, Plaintiff is barred from recovery of damages.

## Eleventh Affirmative Defense

At all relevant times, Experian has complied with all applicable laws, regulations, and standards.

## Twelfth Affirmative Defense

Experian hereby gives notice that it intends to rely on any additional affirmative defenses that become available or apparent through discovery and/or the factual development in this case or otherwise, and thus reserves the right to amend its answer to assert such additional defenses.

## PRAYER FOR RELIEF

WHEREFORE, Defendant Experian Information Solutions, Inc. prays as follows:

(1)     That Plaintiff take nothing by virtue of the Complaint herein and that this action be dismissed in its entirety;

(2)     For costs of suit and attorneys' fees herein incurred; and

(3)     For such other and further relief as the Court may deem just and proper.

Dated: May 5, 2023                    Respectfully submitted

                                      /s/ Jenna L. LaPointe
                                      Jenna L .LaPointe, Esq. (699045)
                                      JONES DAY
                                      100 High Street, 21st Floor

Boston, MA 02110
Telephone:  617-960-3939
Facsimile:   617-449-6999
jlapointe@jonesday.com

*Counsel for Defendant*
*Experian Information Solutions, Inc.*

## CERTIFICATE OF SERVICE

I, Jenna L. LaPointe, hereby certify that a true copy of the foregoing document filed

through the ECF system will be electronically sent to the registered participants as identified on

the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered

participants on May 5, 2023.


Dated:  May 5, 2023                          */s/ Jenna L. LaPointe*
                                             Jenna L. LaPointe